CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 25 2019
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | |
|---|---|
| STEVEN CRAIG ALDERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK COUNTY, and<br>PATRICK COUNTY BOARD<br>OF SUPERVISORS<br><br>Defendants. | Case No. 4:19CV00002<br><br>COMPLAINT |

## COMPLAINT

Plaintiff, Steven Craig Alderman ("Alderman"), by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

## THE PARTIES

### THE PLAINTIFF

1. Plaintiff Steven Craig Alderman is an individual residing in this judicial district in Meadows of Dan, Virginia.

2. Alderman formerly operated two restaurants in Patrick County.

### THE DEFENDANTS

3. Defendant Patrick County is a county organized pursuant to the laws of the Commonwealth of Virginia and is situated within this judicial district.

4.  Defendant Patrick County Board of Supervisors has been organized pursuant to the laws of the Commonwealth of Virginia to manage the affairs of Patrick County and is situated within this judicial district.

## JURISDICTION AND VENUE

5.  As plaintiff alleges that the defendants, acting under color of state law, violated plaintiffs Fourteenth Amendment rights on behalf of defendant county, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (3) & (4) and 42 U.S.C. §§ 1983 and 1988.

## ALLEGATIONS.

6.  Plaintiff owns and formerly operated a business in Patrick County called the Blue Ridge Restaurant.

7.  Plaintiff's family built the Blue Ridge Restaurant in 1958.

8.  In 1978, according to local, state, and federal laws plaintiff's family installed a properly designed septic system.

9.  Even though the Blue Ridge Restaurant was among the oldest in the area, they were never offered the option of using a "pump and haul" approach to handling wastes or any "grandfathering" of unlawful sewage handling.

10. Instead, plaintiff's family was compelled to install a very expensive septic

system.

11. The Blue Ridge Restaurant septic system includes, among other things a septic tank, drainage field and grease trap system.

12. The Blue Ridge Restaurant was only permitted to have 55 seats with that septic system.

13. Plaintiff and his sister bought the Mountain House Restaurant, which is located in Patrick County, in July of 2002.

14. The Mountain House Restaurant was built in 1982 with a full and expensive septic system.

15. The septic system of the Mountain House Restaurant comprised a septic tank, drainage field and grease trap system.

16. The Mountain House Restaurant was only permitted to have 85 seats with that septic system.

17. When plaintiff was operating both restaurants with fair competition, the restaurants earned profits of approximately $640,000 per year.

18. The discriminatory and unlawful acts that damaged plaintiff's businesses began in 2000-2001. At that time the Patrick County Board of Supervisors approved an unlawful "pump and haul" sewage system for pizza restaurant in Meadows of Dan.

19. At first, the approval of the an unlawful "pump and haul" sewage system

was conditioned upon that business proceeding immediately with a permanent sewage disposal system, but no permanent sewage system was ever required or installed.

20. At different times, the aforementioned pizza restaurant has been known as "Blue Ridge Passage Resort", "Cockrams Mill", "Christopher's Pizza", "Mill House Pizza", and "Country Crossroads Café".

21. No permanent sewage disposal system was ever installed and the restaurant was allowed an unfair and discriminatory advantage over plaintiff's businesses.

22. That restaurant should have been required to install a septic system, just as was required for the businesses that my family built and operated.

23. Later, in 2009, a business that has been known at different times as "Becky's Pies", "Two by Two Barbecue", and later "Jane's Country Café" was also unlawfully allowed to operate via a "pump and haul" system.

24. Despite numerous changes in ownership and/or management of the aforementioned restaurant locations, neither location has ever been required to put in a lawful septic system.

25. Upon information and belief, the two aforementioned businesses were granted unfair and unlawful advantages by Patrick County to operate without septic systems as a result of at least one of the impermissible considerations an

intent to inhibit or punish plaintiff's exercise of his constitutional rights or a bad faith intent to injure plaintiff.

26. Because of the discriminatory acts of Patrick County, and the resulting unfair competition, plaintiff was unable to continue to operate his restaurants at a profit.

27. Plaintiff was thereby compelled to shut both restaurants down.

28. The Blue Ridge Restaurant was shut down in 2007.

29. The Mountain House Restaurant was closed down in 2012.

30. Efforts of the plaintiff to sell the restaurants has not been possible because no one will buy them or pay a market price because of the discriminatory acts of Patrick County, and the resulting unfair competition.

31. Plaintiff requested administrative relief from the defendants on multiple occasions, the most recent of which was on or about September 25, 2018.

32. The defendants denied administrative relief to the plaintiff on or about October 15, 2018.

33. Plaintiff was obstructed in filing this case earlier due to directly and/or indirectly withholding information necessary to move forward with this case, thereby tolling any statute of limitations.

34. Plaintiff avers that the equal protection violations alleged herein are, and have been, ongoing violations.

## CAUSES OF ACTION

35. By the aforementioned discriminatory acts and the resultant consequences, defendants violated plaintiffs right to equal protection of the law these clauses of the Fourteenth Amendment, as made actionable against defendants by 42 U.S.C. 1983.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the defendants and relief as follows:

- A.   accept jurisdiction over this matter;
- B.   empanel a jury to hear and decide this matter;
- C.   award to plaintiffs compensatory damages against defendants in the sum equal to the monetary and non-monetary losses suffered by plaintiff Savino with pre and post-judgment interest;
- D.   award plaintiffs the legal fees and costs incurred in the prosecution of this matter; and
- E.   for such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

DATED: January 25, 2019               Respectfully submitted,


                                                 By:     /s/Dale R. Jensen
                                                        Dale R. Jensen (VSB 71109)
                                                        Dale Jensen, PLC
                                                        606 Bull Run
                                                        Staunton, VA  24401
                                                        (434) 249-3874
                                                        (866) 372-0348 facsimile
                                                        djensen@dalejensenlaw.com
                                                        Counsel for Steven Craig Alderman