CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 12 2019
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| STEVEN CRAIG ALDERMAN, | ) | |
| Plaintiff, | ) ) | Case No. 4:19-cv-00002 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| PATRICK COUNTY and PATRICK COUNTY BOARD OF SUPERVISORS, | ) ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| Defendants. | ) ) | |

This matter is before the court on Defendants Patrick County and the Patrick County Board of Supervisors' Motion to Dismiss [ECF No. 6]. The motion was fully briefed and, on June 18, 2019, I heard oral argument from the parties. I have reviewed the pleadings, arguments, and relevant law. For the reasons stated herein, Defendants' Motion to Dismiss will be granted.

**I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

Plaintiff Steven Alderman ("Plaintiff") owned and operated Blue Ridge Restaurant in Patrick County, Virginia, which his family built in 1958. In 1978, his family "installed a properly designed septic system." (Compl. ¶ 8 [ECF No. 1].) He contends that, although Blue Ridge Restaurant was among the oldest in the area, "they were never offered the option of using a 'pump and haul' approach to handling waste or any 'grandfathering' of unlawful sewage handling." (Id. ¶ 9.) Instead, Plaintiff's family was required to install an expensive septic system. With its septic system, Blue Ridge Restaurant is permitted to have only 55 seats.

---

[1] The facts are taken from Plaintiff's Complaint [ECF No. 1]. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In 2002, Plaintiff and his sister bought the Mountain House Restaurant, which was built in 1982 with a full and expensive septic system. That restaurant is permitted to have only 85 seats with its septic system. Operating both restaurants yields an annual profit of $640,000.

Plaintiff alleges that Defendants Patrick County and the Patrick County Board of Supervisors (collectively "Defendants") engaged in "discriminatory and unlawful acts that damaged plaintiff's businesses" when, in 2000 and 2001, Defendants approved an unlawful "pump and haul" sewage system for a competing business. (Id. ¶ 18.) At the time, the permission was contingent on the future installation of a permanent sewage system. To date, however, no such system has been installed. Another business was granted the same permission for a "pump and haul" system in 2009. (Id. ¶ 23.)

Plaintiff contends these other businesses were granted this "unfair and unlawful advantage by Patrick County to operate without septic systems . . . to inhibit or punish plaintiff's exercise of his constitutional rights or a bad faith intent to injure plaintiff." (Id. ¶ 25.) As a result, Plaintiff was forced to close Blue Ridge Restaurant in 2007 and Mountain House Restaurant in 2012. Efforts to sell the restaurants "have not been possible because no one will buy them or pay a market price because of the discriminatory acts of Patrick County, and the resulting unfair competition." (Id. ¶ 30.) He now brings suit under 42 U.S.C. § 1983 for the alleged violation of his "right to equal protection of the law" under the 14th Amendment. (Id. ¶ 35.)

Plaintiff filed his Complaint on January 25, 2019, forty-one years after his family installed the septic system at Blue Ridge Restaurant, seventeen years after he bought Mountain House Restaurant, twelve years after he closed Blue Ridge Restaurant, and seven years after he closed Mountain House Restaurant. Defendants filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on May 15, 2019, arguing the statute of limitations applicable to actions under

42 U.S.C. § 1983 barred Plaintiff's action. [ECF Nos. 6 & 7.] Plaintiff responded [ECF No. 10], and Defendants replied [ECF No. 14]. I heard oral arguments on June 18, 2019, making this matter ripe for disposition.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code is the statutory provision that provides a civil remedy to vindicate one's constitutional rights. That section gives private individuals a right of action against persons[2] who, acting under color of law, deprive a plaintiff of "any rights,

---

[2] Generally speaking, neither a county nor the county Board of Supervisors qualifies as a "person" under § 1983. See Moor v. Alameda, 411 U.S. 693 (1973) (holding a county is not a "person" under § 1983);

privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2019). The Fourteenth Amendment guarantees that no citizen will be deprived "of life, liberty, or property, without due process of law," nor will any person be denied "equal protection of the laws." U.S. Const. amend. XIV.

Although § 1983 does not set forth a statute of limitations, it is well-settled that "[t]he statute of limitations for a § 1983 claim is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66–67 (4th Cir. 2015) (citing Wilson v. Garcia, 471 U.S. 261, 275–80 (1985)). Virginia has a two-year statute of limitations for personal-injury actions, see Va. Code Ann. § 8.01-243(A) (Cumm. Supp. 2019), which applies in § 1983 actions. See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991).

Plaintiff's claims is barred by the two-year[3] statute of limitations applicable to his claim. "Generally speaking, a federal claim 'accrues when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred,' and therefore [the court] 'typically determine[s] the accrual of a § 1983 action by looking to the event that should have alerted the typical lay person to protect his or her rights.'" Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 404–05 (4th Cir. 2014) (quoting D'Ambrosio v. Marino, 747

---

Smith-Berch, Inc. v. Baltimore Cty., 68 F. Supp. 2d, 602, 626–27 & n.1 (D. Md. 1999) (finding the Baltimore City Council was not a "person" within the meaning of § 1983). To be sure, there are exceptions to this rule. Under Monell v. Department of Social Services, 436 U.S. 658 (1978), a plaintiff may sue a "municipalit[y] [or] other local government unit[]" under § 1983 if an official policy or custom caused a deprivation of constitutional rights. I assume Plaintiff is proceeding under that theory, and assume without deciding that Plaintiff's allegations would qualify as actions that "implement[] or execute[] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the county. Monell, 436 U.S. at 690.

[3] Although Plaintiff argues for a more expansive ten-year statute of limitations, his argument finds no support in the law.

F.3d 378, 384 (6th Cir. 2014)). Stated another way, a claim under § 1983 accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Mc. House of Corrections, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

Plaintiff's claim is premised on the theory that competing businesses were "unlawfully" permitted to install septic system that did not comply with the applicable laws and regulations. Giving Plaintiff's allegations their most generous reading, his claim arose, if at all, when those allegedly discriminatory decisions were made. According to his factual allegations, the last such decision was made in 2009. (Compl. ¶ 23.) Plaintiff's cause of action accrued, if at all, at that time, and the statute of limitations commenced then as well. Because he did not file his complaint within two years of when "the act providing the basis of his . . . injury occurred," D'Ambrosio, 747 F.3d at 384, his claim is barred.

Plaintiff attempts to avoid this result be relying on the "continuing violation" doctrine. Generally, allegedly unconstitutional acts that occurred outside the limitations period are not actionable. "However, such actions may form the basis for a timely claim if they are part of a 'continuing violation.' To qualify as a continuing violation, the Fourth Circuit has stated that the alleged incidents . . . must constitute 'a series of separate but related acts' such that they are 'manifested in a continuing violation.'" Demuren v. Old Dominion Univ., 33 F. Supp. 2d 469, 476 (E.D. Va. 1999). Additionally, "there must be a 'present violation'" within the statutory period. Hill v. AT&T Techs., Inc., 731 F.2d 175, 180 (4th Cir. 1984) (citing Woodard v. Lehman, 717 F.2d 909, 914–15 (3th Cir. 1983)).

In considering whether the continuing violation doctrine applies, it is important to note that "'[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects

from an original violation.'" Nat'l Advert. Co. v. Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991) (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)). In the present case, Plaintiff points not to "continual unlawful acts," but rather to "continual ill effects" in support of his argument. His inability to sell the property "because no one will buy them or pay a market price because of the discriminatory acts of Patrick County" (Compl. ¶ 30) are the type of "continual ill effects" that cannot form the basis of a continuing violation claim. Accord Ocean Acres Ltd. Partnership v. Dare Cnty. Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983) ("The actions and positions taken by defendants have not substantially changed since 1972. Nor has the plaintiff incurred any additional damages which did not flow from the septic tank prohibition instituted in 1972.").

Plaintiff does allege that, in September of 2018, he "requested administrative relief" from Defendants, but was denied. (Compl. ¶ 31–32.) Such action does nothing to salvage his claim. Asking for remediation of a violation does not restart the clock on the statute of limitations. Were it so, statutes of limitations would be meaningless. A party could simply ask, every 23 months, that the government change its policy or grant an exception and, twenty years later, bring suit under a continuing violation theory. That is not the law.

As a final attempt to save his claim, Plaintiff asserts that he "was obstructed in filing this case earlier due to directly and/or indirectly withholding information necessary to move forward with this case, thereby tolling any statute of limitations." (Compl. ¶ 33.) In addition to state statutes of limitations, state tolling statutes are applied to § 1983 actions as well. See Bd. of Regents v. Tomanio, 446 U.S. 478, 484–85 (1980). Virginia tolls a statute of limitations "[w]hen the filing of an action is obstructed by a defendant's . . . using any . . . direct or indirect means to obstruct the filing of an action . . . ." Va. Code Ann. § 8.01-229(D) (Cumm. Supp. 2019). Even

assuming the truth of the factual allegations in his complaint, Plaintiff's claim that he was obstructed lacks factual support. Rather, he attempts to avoid the applicable statute of limitations be merely stating he had been obstructed in filing his action. In the face of nothing more than a conclusory assertion that he was obstructed by Defendants "directly and/or indirectly" withholding information, Plaintiff has failed to allege any facts that would support tolling the statute of limitations. His Complaint will be dismissed.

## IV. <u>CONCLUSION</u>

Plaintiff's Complaint is barred by the two-year statute of limitations applicable to § 1983 actions. His continuing violation theory is premised solely on continuing ill effects of the original, allegedly unconstitutional actions, and is therefore insufficient as a matter of law. Likewise, his claim of "obstruction" is woefully deficient of any allegation of wrongdoing sufficient to toll the statute of limitations. Because his action is barred by the statute of limitations, Plaintiff's Complaint will be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 12th day of September, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE